UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:  Case Number 8-09-bk-10605-CPM

Sean A. Coggins  Chapter 13

    Debtor.
_____/

## ORDER DENYING CONFIRMATION AND DISMISSING CASE
### (EFFECTIVE DATE OF THIS ORDER IS 10 DAYS FROM DATE OF ENTRY)

THIS CASE came on for a duly-scheduled confirmation hearing on August 19, 2009 to consider confirmation of the proposed Chapter 13 Plan and the Court having heard argument of counsel and being otherwise duly advised in the circumstances, accordingly it is

**ORDERED** as follows:

1. The Debtor's Chapter 13 Plan, as filed, does not meet the requirements for confirmation and therefore confirmation is DENIED.

2. This case shall be and the same is hereby DISMISSED without prejudice.

3. The Trustee shall disburse all Trust Fund monies held as adequate protection and for Administrative expenses, as provided for in this Court's Order Establishing Duties of Trustee and Debtor etc., to those secured creditors provided for in the Debtor's proposed Chapter 13 Plan ("Plan") and to administrative expense holders.

    a. The Trustee shall disburse the Trust Fund monies to the secured creditors either in the total amount due or, if Trust Fund monies prove insufficient, pro rata. These monies shall be paid pursuant to the creditor's proof of claim or, if a claim was not previously filed, pursuant to the terms of the Plan.

b. Pursuant to the Order Establishing Duties of the Debtor, if the Debtor's attorney seeks no more in compensation than the Courts Presumptively Reasonableness Fee and additional fees as approved in the Court's Order Establishing Presumptively Reasonable Debtor's Attorney Fee in Chapter 13 Cases, Misc. Pr. 07-02, August 31, 2007, then such fee is hereby deemed to be an allowed administrative expense for purposes of entitlement to Trust Funds. The compensation to Debtor's counsel shall be paid in accordance with the Trust Funds portion of the chapter 13 plan. If a plan payment is insufficient to pay 100 percent of the plan's monthly allocation to the secured creditors and administrative expense creditors, the payment shall be prorated among all creditors having an entitlement to Trust Funds. The Debtor is hereby granted leave to file an objection to the allowance of these attorney fees within ten (10) days from the date of this order, if deemed advisable.

4. The Trustee shall return to the Debtor any monies on hand not previously disbursed, unless this case is converted to Chapter 7, and shall thereafter file his final report and upon the filing of same, be discharged of his duties as Trustee.

5. The Trustee shall deduct from any monies to be returned to the Debtor his normal percentage thereof as necessary costs and expenses from sums collected pursuant to 11 U.S.C. 1326(a)(2), together with any fee, charge or amount required under 28 U.S.C. Chapter 123.

**6**. **The effective date of this Order is delayed ten (10) days to permit the Debtor to convert this case to another Chapter under the Bankruptcy Code if the Debtor wishes to do so.**

**7.　If the Debtor chooses to file a Motion for Reconsideration of this Order Dismissing case and/or if this case is re-converted back to a Chapter 13, the Debtor shall file an Amended Plan within ten (10) days after any Order Reinstating this case or ten (10) days after re-converting this case back to a Chapter 13, serving a copy upon all creditors and the Trustee.**

8.　All pending hearings are canceled, except for any Order to Show Cause Hearings the Court may have set.

**DONE** and **ORDERED** in Chambers at Tampa, Florida on September 03, 2009 _____.

_____
Catherine Peek McEwen
United States Bankruptcy Judge

Copies to be provided by CM/ECF service

JMW/sn　　　　　　　　　　　　　　　　C13T 08/24/09